UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

REBEKKAH PRIEBE,                                                                                                                      Case No. 21-cv-406

      Plaintiff,

vs.

TRANSWORLD SYSTEMS, INC.,

      Defendant.

## COMPLAINT

NOW COMES Plaintiff Rebekkah Priebe, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant Transworld Systems, Inc., and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the illegal collection attempts of Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1692 as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## Parties

7. Plaintiff Rebekkah Priebe (hereinafter "Plaintiff") is a natural person who resides in the County of Iowa, State of Wisconsin.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

9. Defendant Transworld Systems, Inc. ("Defendant") is a company with a principal office address at 500 Virginia Drive, Suite 514, Fort Washington, PA 19034. Defendant's registered agent is C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

10. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

## BACKGROUND

11. On June 2, 2021, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Wisconsin, case number 3-21-11190.

12. The Plaintiff owed a debt to a non-party at the time of filing, and listed that debt to the non-party.

13. The United States Bankruptcy Court for the Western District of Wisconsin sent notice of bankruptcy by to the non-party regarding the Plaintiff's bankruptcy.

14. The non-party had actual and/or constructive notice of the bankruptcy filing.

15. After the bankruptcy was filed, the non-party hired the Defendant to collect the discharged Debt from Plaintiff.

16. Defendant made a collection call to Plaintiff, seeking to collect the debt.

17. Plaintiff stated she had filed for bankruptcy, offered to provide her case number and her bankruptcy attorney's contact information.

18. Defendant's collection agent indicated it was not interested in such information, and persisted in attempting to collect the debt from Plaintiff.

19. Defendant thereafter sent a collection letter directly to the Plaintiff.

20. Defendant has actual and/or constructive notice of the bankruptcy discharge.

21. Because of the bankruptcy, Defendant is barred from making or directing any collection efforts on the discharged debt.

22. Defendant has communicated and engaged in debt collection directly with the Plaintiff, knowing that Plaintiff was represented by an attorney.

23. Plaintiff grew distressed and concerned by the collection attempt, incurring actual damages in the form of emotional distress, along with other actual damages.

24. Defendant had actual and/or constructive knowledge of Plaintiff's bankruptcy discharge. Defendant was not deterred by this evidence, but proceeded to collect in addition to contacting a represented party.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

25. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

26. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

27. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) with respect to Plaintiff.

28. Specifically, under 15 U.S.C. § 1692c(a)(2) a debt collector cannot communicate directly with a consumer when they know the consumer is represented by a lawyer, which Defendant did.

29. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they directly contacted Plaintiff about a debt included in bankruptcy.

30. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did when they directly contacted Plaintiff about a debt included in bankruptcy.

31. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they directly contacted Plaintiff about a debt included in bankruptcy.

32. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they directly contacted Plaintiff about a debt d included in bankruptcy.

33. Plaintiff has suffered actual damages as a result of these illegal collection communications, as stated above.

34. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 427.104)**

35. Plaintiff incorporates by reference all the foregoing paragraphs.

36. Wis. Stat. § 427.104(1)(h) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

37. Defendant violated Wis. Stat. § 427.104(1)(h) when Defendant engaged in the above referenced collection attempts.

38. Wis. Stat. § 427.104(1)(i) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (i) Use obscene or threatening language in communicating with the customer…"

39. Defendant violated Wis. Stat. § 427.104(1)(i) when Defendant used harassing and threatening language with Plaintiff, when they engaged in the above referenced collection attempts.

40. Plaintiff suffered actual damages as result of Defendant's violations of Wis. Stat. § 427.104(1)(h) and Wis. Stat. § 427.104(1)(j).

41. Plaintiff is entitled to all of the remedies identified in Wis. Stat. § 427.105 and Wis. Stat. § 425.304.

### Trial by Jury

Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant as follows:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. For an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105 and § 425.304; and
E. For such other and further relief as may be just and proper.


Dated this 22nd day of June, 2021.

                              s/ Nathan E. DeLadurantey
                              Nathan E. DeLadurantey, 1063937
                              DELADURANTEY LAW OFFICE, LLC
                              330 S. Executive Drive, Suite 109
                              Brookfield, WI 53005
                              (414) 377-0515
                              E: nathan@dela-law.com
                              *Attorneys for the Plaintiff*